IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HOLLY COKELEY

    Plaintiff**,**

                          **CASE NO.: 13-2518**

v.

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

## FIRST AMENDED COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides within the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

### PARTIES

8. Plaintiff Holly Cokeley is a natural person.

9. Plaintiff resides in the City of Hutchinson, County of Reno, State of Kansas.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), because the debt Defendant is collecting is a GE Capital credit card debt, used for personal, family and household purposes.

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq. because she is a natural person.

12. Defendant, Midland Credit Management, Inc. is a domestic corporation.

13. Defendant maintains a Kansas resident agent of Corporation Service Company, 2900 S.W. Wanamaker Drive, Suite 204, Topeka, Kansas 66614.

14. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), because the Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

15. The principal business of the Defendant is the collection of debts using the mails and telephone.

16. The Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS AND CAUSES OF ACTION

17. Sometime prior to the filing of the instant action, the Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, namely

an amount due and owing on a personal account, MCM account #......3415 (hereinafter the "Account").

18. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

19. The Account went into default with the original creditor.

20. The Account was purchased by Midland Funding, LLC on or about August 28, 2013.

21. Midland Funding, LLC has no employees.

22. Midland Funding, LLC is a wholly-owned subsidiary of Encore Capital Group, Inc.

23. Defendant Midland Credit Management, Inc. is also a wholly-owned subsidiary of Encore Capital Group, Inc.

24. After Midland Funding, LLC purchased the Account, Defendant Midland Credit Management began attempts to collect the Account.

25. In the year prior to the filing of the instant action, including but not limited to September of 2013, the Defendant, acting through its representatives, employees and/or agents, mailed a collection letter to Plaintiff, made telephone calls to the Plaintiff and left voicemail messages for the Plaintiff.

26. Upon information and belief, Defendant possesses recordings of the content of telephone calls between Plaintiff and Defendant's representatives.

27. Defendant has produced all recordings of telephone calls between Plaintiff and Defendant's representatives.

28. Upon information and belief, Defendant kept and possesses written documentation and/or computer records of correspondence and telephone calls between Plaintiff and Defendant's representatives.

29. Defendant has produced all electronically stored information regarding Plaintiff's account.

30. The purpose of these letters and telephone calls was to attempt to collect the Account.

31. The telephone calls and correspondence conveyed information regarding the Account directly or indirectly to the Plaintiff.

32. The telephone calls and correspondence each individually constituted a "communication" as defined by FDCPA § 1692a(2).

33. The only reason that the Defendant and/or representatives, employees and/or agents of the Defendant mailed correspondence and made telephone calls to the Plaintiff was to attempt to collect the Account.

34. On or about September 8, 2013, Defendant mailed a collection letter to Plaintiff.

35. Defendant routinely mails similar letters to consumers in Kansas.

36. The collection letter referenced in paragraph thirty-four stated that Defendant "Midland Credit Management, Inc. (MCM), a debt collection company, will be collecting on and servicing your account."

37. The collection letter referenced in paragraph thirty-four stated "NOTICE OF NEW OWNERSHIP" and that the current owner of Plaintiff's account was Midland Funding, LLC.

38. The collection letter referenced in paragraph thirty-four stated "PRE-LEGAL REVIEW."

39. No actual "pre-legal review" took place by any human being employed by Defendant.

40. The collection letter referenced in paragraph thirty-four stated that Defendant "is considering forwarding this account to an attorney in your state for possible litigation."

41. During deposition, Defendant's Rule 30(b)(6) designee could identify no person or persons at Defendant who were considering forwarding Plaintiffs account to an attorney in the state of Kansas.

42. The collection letter referenced in paragraph thirty-four asked "what do you need to do to stop this process?"

43. During deposition, Defendant's Rule 30(b)(6) designee stated "this process" referred to in the letter was "the process of considering forwarding that account to an attorney within the consumer's state for possible litigation."

44. During deposition, Defendant's Rule 30(b)(6) designee could identify no person or persons at Defendant who were considering forwarding Plaintiffs account to an attorney in the state of Kansas.

45. During deposition, Defendant's Rule 30(b)(6) designee did not know how many letters similar to the one mailed to Plaintiff are mailed to consumers in Kansas.

46. During deposition, Defendant's Rule 30(b)(6) designee did not know how many letters similar to the one mailed to Plaintiff result in lawsuits in Kansas.

47. On or about September 27, 2013, Defendant called Plaintiff.

48. During the telephone call referenced in paragraph forty-seven, Defendant's employee stated "I'm calling you in regards to a potential lawsuit which you might have to face soon."

49. During deposition, Defendant's Rule 30(b)(6) designee could not explain what the collector meant by "soon."

50. During the telephone call referenced in paragraph forty-seven, Defendant's employee stated "right now your account is in pre-legal status."

51. When asked during deposition what the collector meant by "pre-legal status", Defendant's Rule 30(b)(6) designee responded "I can't speak to what he may have meant."

52. During the telephone call referenced in paragraph forty-seven, Defendant's employee stated "I'm giving you a call about a possible lawsuit on the account."

53. When asked during deposition what the collector meant by ""I'm giving you a call about a possible lawsuit on the account," Defendant's Rule 30(b)(6) designee responded "[a]gain, I can't speak to what he specifically meant by that."

54. During the telephone call referenced in paragraph forty-seven, Plaintiff advised Defendant's collector "I'm not going to pay it."

55. After the telephone call referenced in paragraph forty-seven, Defendant continued to call Plaintiff.

56. Defendant's continued calls after Plaintiff advised she wasn't going to pay the account show an intent to harass and violate 15 U.S.C. § 1692d.

57. Plaintiff returned the calls from Defendant on or about October 1, 2013.

58. During the telephone call referenced in paragraph fifty-seven, Defendant's collector stated "[w]e are calling here in regards to looks like a pre-legal status on one of your accounts."

59. During the telephone call referenced in paragraph fifty-seven, the collector again stated that the account was in "pre-legal status" and that "they are looking at possible litigation."

60. No human being within Defendant's organization was actually "looking at possible litigation' at the time of the letter or telephone calls.

61. During the telephone call referenced in paragraph fifty-seven, the collector stated "a recommendation for attorney placement would be applied to the account."

62. No such recommendation for attorney placement was applied to Plaintiff's account.

63. Defendant never sued Plaintiff.

64. Defendant's statements in correspondence to and telephone calls with Plaintiff are false, deceptive or misleading representations or means in connection with the collection of any debt and violate 15 U.S.C. § 1692e.

65. "The Act [FDCPA] is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

66. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

67. The FDCPA is a remedial statute; it should be construed liberally in favor of the consumer. Johnson v. Riddle, 305 F.3d 1107, 1117 (10th Cir. 2002).

68. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered damages, including emotional distress.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 USC § 1692k(a)(1).

2. Statutory damages under 15 USC § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 USC § 1692k(a)(3).

4. A finding that Defendant violated the FDCPA.

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
1 E Washington Ste 500
Phoenix, AZ 85004
meinhardtlaw@gmail.com
913/827-1950

ATTORNEY FOR PLAINTIFF